FILED
2019 Apr-02  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **D. BLAINE LEEDS DDS, et al.,** }<br>}<br>**Plaintiffs,** }<br>}<br>**v.** }<br>}<br>**BOARD OF DENTAL EXAMINERS OF** }<br>**ALABAMA, et al.,** }<br>}<br>**Defendants.** | Case No.: 2:18-cv-01679-RDP |

## ORDER

This matter is before the court on Defendants' motion to dismiss Plaintiffs' Amended Complaint (Doc. # 29) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. # 32). For the reasons explained in the accompanying Memorandum Opinion, the motion (Doc. # 32) is **GRANTED IN PART** and **DENIED IN PART**.

Defendants' motion is **GRANTED** with respect to the following claims:

1. All claims against Defendant Board of Dental Examiners of Alabama are **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. The Clerk of Court is **DIRECTED** to terminate Defendant Board of Dental Examiners of Alabama.

2. All claims against Defendants Adolphus M. Jackson, T. Gerald Walker, Douglas Beckham, Stephen R. Sticklin, Mark R. McIlwain, Kevin M. Sims, and Sherry S. Campbell (the "Board members") in their individual capacities are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

3. Plaintiffs' Equal Protection claims (Counts Five and Six) are **DISMISSED WITH PREJUDICE** for failure to state a claim.

4. Plaintiffs' Substantive Due Process claims (Counts Seven and Eight) are **DISMISSED WITH PREJUDICE** for failure to state a claim.

5. Plaintiffs' Alabama Due Process claim (Count Nine) is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

6. To the extent Plaintiffs' claim for a declaratory judgment in Count Ten is based on a violation of Alabama law, it is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

Defendants' motion is **DENIED** with respect to the following claims:

1. Plaintiffs' Dormant Commerce Clause claims (Counts One and Two) against the Board members in their official capacities may proceed.

2. Plaintiffs' section 1 Sherman Act claims (Counts Three and Four) against the Board members in their official capacities may proceed.

**DONE** and **ORDERED** this April 2, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE