FILED
2019 Apr-17 PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D. BLAINE LEEDS DDS, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 2:18-cv-01679-RDP |
| } | |
| BOARD OF DENTAL EXAMINERS OF } | |
| ALABAMA, et al., } | |
| } | |
| Defendants. | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs' Motion for Partial Reconsideration (Doc. # 60) of the court's prior order dismissing certain of Plaintiffs' claims (Doc. # 58). In their motion, Plaintiffs argue that the court's earlier dismissal of certain claims should have been without prejudice. (Doc. # 60). Defendants oppose the motion and argue that the dismissal of those claims with prejudice was proper. (Doc. # 66). For the reasons explained below, the court agrees with Plaintiffs: dismissal of the claims should have been without prejudice. The court's prior order of dismissal (Doc. # 58) will be vacated, and a substitute order will be entered in its place.

On April 2, 2019, the court entered an order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Amended Complaint. (Doc. # 58). In that order, the court dismissed with prejudice "[a]ll claims against Defendant Board of Dental Examiners of Alabama" "for lack of subject matter jurisdiction." (*Id.* at 1, ¶ 1). That dismissal was based on the court's conclusion that the Board is an arm of the state of Alabama and therefore immune from suit under the Eleventh Amendment. (Doc. # 57 at 7-12). The court also dismissed with prejudice Plaintiffs' state-law claims against the individual Board members in their official

capacities "for lack of subject matter jurisdiction." (Doc. # 58 at 2, ¶¶ 5-6). That dismissal was likewise based on the court's conclusion that the state-law claims were barred by the Eleventh Amendment under *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). (Doc. # 57 at 14-16). Plaintiffs are correct that these dismissals should have been without prejudice.

When a district court lacks subject matter jurisdiction over a claim, it has "no power to render a judgment on the merits." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008). Because "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits," it must be "entered without prejudice." *Id.* at 1232. In *Stalley*, for instance, the Eleventh Circuit held that a district court improperly dismissed a complaint with prejudice because the plaintiff lacked Article III standing. *Id.* at 1231, 1235. The Eleventh Circuit ruled that the district court correctly concluded that the plaintiff lacked standing. *Id.* at 1233-35. But, because Article III standing is a jurisdictional issue, the Eleventh Circuit remanded with instructions for the district court to "reenter its dismissal order *without prejudice.*" *Id.* at 1235 (emphasis added).

*Stalley* controls this case. Because the court lacks subject matter jurisdiction over all of Plaintiffs' claims against the Board and over Plaintiffs' state-law claims against the Board members in their official capacity (*see* Doc. # 57 at 7-12, 14-16), those claims should have been dismissed without prejudice.

Defendants arguments to the contrary are unavailing. First, Defendants do not even attempt to distinguish or otherwise address *Stalley*, which is binding precedent. Instead, they rely on decisions of the Ninth Circuit and other courts holding that a dismissal for lack of subject matter jurisdiction based on sovereign immunity may be entered with prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988); *Planells v. San Francisco Unified Sch. Dist.*,

978 F.2d 715 (9th Cir. 1992) (unpublished table decision). But these decisions are not binding on this court. This court is instead bound by the Eleventh Circuit's decision in *Stalley*, which squarely held that dismissals for lack of subject matter jurisdiction must be without prejudice. 524 F.3d at 1234-35; *see also Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (holding that a dismissal for lack of subject matter jurisdiction must be without prejudice).

Second, even if the court were not bound by the Eleventh Circuit's decisions in *Stalley* and *Crotwell*, the Ninth Circuit decisions cited by Defendants are unpersuasive. Both decisions Defendants cite reasoned that, though a dismissal for lack of subject matter jurisdiction should ordinarily be without prejudice, it was appropriate to dismiss claims barred by sovereign immunity with prejudice because those claims could not be asserted in any forum, including a state court. *See Frigard*, 862 F.2d at 204; *Planells*, 978 F.2d at 715. It is of course true that sovereign immunity sometimes deprives both federal and state courts of jurisdiction over a claim.[1] But that is no reason for a court to dismiss such a claim with prejudice.

A dismissal with prejudice usually connotes an adjudication on the merits that will have claim-preclusive effect if the plaintiff subsequently asserts the same claim in a later action. *See Dismissal*, Black's Law Dictionary (10th ed. 2014) ("If, after a dismissal with prejudice, the plaintiff files a later suit on the same claim, the defendant in the later suit can assert the defense of res judicata (claim preclusion)."); *Crotwell*, 734 F.2d at 769 (explaining that, when a court lacks subject matter jurisdiction over a claim, it has "no power to render a judgment on the merits" and must therefore dismiss the claim without prejudice). By contrast, a dismissal without

---

[1] For example, the United States is immune from suit in both federal and state courts. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Alden v. Maine*, 527 U.S. 706, 749 (1999). Likewise, states and arms of the state are immune from suit in both federal and state courts on federal-law claims. *Alden v. Maine*, 527 U.S. 706, 727-57. However, whether states or their officials are immune from suit in state court on state-law claims is a question of state law, as the Supreme Court has never held that the U.S. Constitution immunizes states from suit in state court on state-law claims. Thus, this court has no occasion to address whether the Board or its members are immune from suit in an Alabama court on Plaintiffs' state-law claims.

prejudice simply means that the court dismissed the claim on a basis that will not result in *preclusion* of the claim in a later action. *See Without Prejudice*, Black's Law Dictionary (10th ed. 2014) ("The use of the phrase ["without prejudice"] simply shows that there has been no decision of the case upon the merits, and prevents defendant from setting up the defense of *res adjudicata*.") (quoting 40 *Cyclopedia of Law and Procedure* 2130-31 (William Mack ed., 1912)). In other words, a dismissal without prejudice does not mean that there must be some other forum in which the dismissed claims can be asserted, as the *Frigard* and *Planells* decisions suggest. Instead, a dismissal without prejudice simply means that the dismissal will not have *claim-preclusive effect* in a subsequent action.[2]

Here, because the dismissal of Plaintiffs' claims against the Board and Plaintiffs' state-law claims against the Board members in their official capacities was for lack of subject matter jurisdiction, that dismissal will not result in preclusion of those claims in a subsequent action. *See* Restatement (Second) of Judgments § 20 (1982) ("A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim . . . [w]hen the judgment is one of dismissal for lack of jurisdiction."). Dismissal of those claims without prejudice is therefore appropriate.

For these reasons, Plaintiffs' Motion for Partial Reconsideration (Doc. # 60) is due to be granted. A separate order will be entered.

---

[2] Just because a court's dismissal of a claim will not have *claim-preclusive effect* in a later action does not mean the claim can in fact be asserted in a later action. There are other potential bars to a claim besides res judicata (for example, the claim must be asserted within the applicable limitations periods). One potential bar is the *jurisdiction* of the court asked to hear the claim. Even if a claim is not barred by res judicata, a court cannot hear the claim if it is without jurisdiction to do so. Here, the fact that this court has dismissed certain claims without prejudice for lack of subject matter jurisdiction does not mean that other courts in fact *have* jurisdiction to hear those claims. They may or they may not. *See* n.1, *supra*. But it is for those courts, if asked to hear one of the claims this court has dismissed without prejudice, to determine whether they have jurisdiction over the claim.

**DONE** and **ORDERED** this April 17, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE