Case 2:18-cv-01679-RDP   Document 74   Filed 04/30/19   Page 1 of 4   FILED
2019 Apr-30  PM 12:26
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| D. BLAINE LEEDS, DDS and <br> SMILEDIRECTCLUB, LLC, <br>     Plaintiffs <br>     v. <br> BOARD OF DENTAL EXAMINERS OF ALABAMA; ADOLPHUS M. JACKSON, DMD; T. GERALD WALKER, DMD; DOUGLAS BECKHAM, DMD; STEPHEN R. STRICKLIN, DMD; MARK R. MCILWAIN, DMD, MD; KEVIN M. SIMS, DMD, MS; SHERRY S. CAMPBELL, RDH, CDHC; individually and in their official capacities as Members of the Board of Dental Examiners of Alabama, <br>     Defendants. | Civil Action No. 2:18-cv-01679-RDP |

## NOTICE OF PROTECTIVE CONDITIONAL CROSS-APPEAL

Notice is hereby given that Plaintiffs Dr. D. Blaine Leeds, DDS, and SmileDirectClub, LLC, conditionally cross-appeal, pursuant to Rule 4(a)(3) of the Federal Rules of Appellate Procedure, to the United States Court of Appeals for the Eleventh Circuit from the Court's April 2, 2019 Memorandum Opinion and Order (Docs. 57, 58), dismissing with prejudice Plaintiffs' claims against the Board of Dental Examiners of Alabama (the "Board") for lack of subject matter jurisdiction and dismissing with prejudice all state-law claims against the individual Defendants for lack of subject matter jurisdiction.

For the reasons explained in Plaintiffs' motion to dismiss Defendants' appeal for lack of jurisdiction, the Eleventh Circuit lacks jurisdiction over Defendants' interlocutory appeal. *See Leeds, et al. v. Jackson, et al.*, No. 19-11502, Doc. 5 (11th Cir. Apr. 23, 2019). Even if the Eleventh

Circuit has jurisdiction over this appeal under the collateral order doctrine, that jurisdiction does not extend to the Court's dismissal with prejudice of certain claims for lack of subject matter jurisdiction.  *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 50–51 (1995) (holding that court's interlocutory jurisdiction to review denial of qualified immunity did not extend to review of "unrelated question[s]").

Furthermore, this Court properly exercised jurisdiction to vacate its order dismissing with prejudice Plaintiffs' claims against the Board and dismissing with prejudice the state-law claims against the individual Defendants and to substitute an order dismissing those claims without prejudice (Docs. 69, 70).  *See, e.g.*, *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) ("[A]n interlocutory appeal does not completely divest the district court of jurisdiction.  The district court has authority to proceed forward with portions of the case not related to the claims on appeal." (citation and internal quotation marks omitted)); *Mahone v. Ray*, 326 F.3d 1176, 1179–81 (11th Cir. 2003) (similar).

This notice of protective conditional cross-appeal is given solely as a precaution for the purpose of preserving Plaintiffs' rights in the event the Eleventh Circuit holds otherwise—*i.e.*, that it has jurisdiction over this interlocutory appeal under the collateral order doctrine, that Plaintiffs are required to cross-appeal this Court's order dismissing with prejudice Plaintiffs' claims against the Board and dismissing with prejudice the state-law claims against the individual Defendants, and that the Court lacked jurisdiction to vacate and substitute its original order (Doc. 58) with a new order (Doc. 70).

Respectfully submitted this 30th day of April, 2019.

*s/ Matthew H. Lembke*
Matthew H. Lembke

*Counsel for Plaintiffs*

Matthew H. Lembke
David G. Hymer
Michael R. Pennington
J. Bradley Robertson
Hillary C. Campbell
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Phone: (205) 521-8000
Facsimile: (205) 521-8800
mlembke@bradley.com
dhymer@bradley.com
mpennington@bradley.com
brobertson@bradley.com
hcampbell@bradley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2019, I caused a true and correct copy of the foregoing Notice of Protective Conditional Cross-Appeal to be filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*s/ Matthew H. Lembke*
One of the Attorneys for Plaintiffs
